# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**SHANE PATRICK KNOWLTON, SR.**                                                     **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 5:22-cv-148-BJB**

**JIMMY GODAIR et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* prisoner Plaintiff Shane Patrick Knowlton, Sr. brought this 42 U.S.C. § 1983 lawsuit. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses Plaintiff's claims.

### I. STATEMENT OF CLAIMS

Plaintiff, now an inmate in Medina County Jail in Medina, Ohio, names as Defendants in their individual and official capacities three former Trigg County (Ky.) Sheriff's Deputies Jeffrey Arena, Jimmy Godair, and David Tomlinson, as well as Kentucky Commonwealth Attorney Carrie L. Ovey-Wiggins. DN 1, pp. 2-3. He alleges violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as several sections of the Kentucky Constitution. *Id.* at 4 (excessive force, unlawful arrest and imprisonment, withheld exculpatory evidence, "malfeasance of a public official, malicious prosecution, neglect of duty, [and] illegal search and seizure").

These claims rest on factual allegations by the Plaintiff that the Court must accept as true at this stage of the lawsuit. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). According to Plaintiff, on November 5, 2019, Defendant Godair trespassed on private land (belonging to

Plaintiff's grandparents) where Plaintiff was staying at the time. *Id*. at 14. The next day he was riding a four-wheeler on his grandparents' land when he was shot by Deputy Arena, who was there to serve an arrest warrant. *Id*. at 19. He was then taken by ambulance to the hospital, to the Trigg County Sheriff's Department for questioning, and finally to jail. *Id*. at 19-20.

Plaintiff further alleges that at his preliminary hearing, which apparently occurred sometime before 2021, Defendant Tomlinson testified inaccurately that at the time of his arrest Plaintiff had been riding one of 22 four-wheelers that had been stolen from a dealership; but Plaintiff later determined only four four-wheelers were stolen. *Id*. at 15, 20. "At some point during 2020 Deputies Godair, Arena, and Tomlinson either resigned or [were] terminated due to 'misconduct.'" *Id*. at 20. And Defendant Ovey-Wiggins of the Trigg County Attorney's Office has "maliciously prosecuted" him since November 6, 2019. *Id*. at 15.

As relief, Plaintiff asks for compensatory damages and the dismissal of his pending charges in Trigg County Circuit Court. *Id*. at 5.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill*, 630 F.3d at 471. And while a court must liberally construe *pro se* pleadings, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

#### *A. Federal constitutional claims*

*1. Fourth Amendment excessive force and illegal search and seizure*

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). A § 1983 claim "doesn't accrue until the plaintiff knows or should know of the claim." *Napper v. Jaynes*, No. 3:21-CV-320, 2022 WL 2651854, at *7 (W.D. Ky. July 8, 2022) (citing *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021), and *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017)); *see also Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833-34 (6th Cir. 2016) ("[T]he statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.") (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Here, Plaintiff's Fourth Amendment[1] claims related to excessive force and illegal search and seizure accrued on November 5-6, 2019, when he alleges that he was shot and arrested. The Complaint makes clear that Plaintiff was present and aware of these actions on those dates.

---

[1] "[B]ecause [Plaintiff] was a free citizen at the time of his alleged claims, his excessive force and unreasonable seizure claims are governed by the Fourth Amendment, rather than the Fourteenth Amendment." *Ward v. Borders*, No. 3:16-CV-393-RGJ-RSE, 2021 WL 4487605, at *6 (W.D. Ky. Sept. 30, 2021).

*2. False arrest and false imprisonment*

A claim brought under the Fourth Amendment for false arrest or false imprisonment challenges detention without legal process and accrues when the alleged false imprisonment ends. *Wallace*, 549 U.S. at 389. This occurs either at release following arrest or, if the arrest is followed by criminal proceedings, no later than the first judicial proceeding subsequent to arrest. *See id.* at 388–91; *Fox v. Desoto*, 489 F.3d 227, 233 (6th Cir. 2007). Accrual of this type of claim does not depend upon the termination of criminal charges in favor of a plaintiff, but rather on the time when a plaintiff becomes "detained pursuant to the legal process," *Wallace*, 549 U.S. at 397, which the Supreme Court has held occurs when a plaintiff is "bound over by a magistrate or arraigned on charges." *Id*. at 389.

The KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, shows that Plaintiff was arraigned on February 12, 2020, more than two years before filing this lawsuit. The Commonwealth charged him with receiving stolen property of $10,000 or more, unlawfully possessing a firearm despite a previous felony conviction, and violating conditions of release. *See* Trigg Circuit Court, No. 20-cr-0001. Courts may take judicial notice of public records, such as the charging document in the state criminal proceedings Plaintiff's federal claim rests on. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6).").

As a result of the lateness of these claims, therefore, the Court dismisses them as ones on which this Court could not grant relief.

### 3. Malicious prosecution

"The Sixth Circuit 'recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment[.]'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). Because a malicious-prosecution claim accrues at termination of the criminal proceeding in favor of the accused, this claim is not time-barred. *King*, 852 F.3d at 579.

To state a § 1983 malicious-prosecution claim, the plaintiff must establish four elements: (1) the defendant made, influenced, or participated in a decision to initiate a prosecution against the plaintiff; (2) the prosecution lacked probable cause; (3) the proceeding deprived the plaintiff of liberty and (4) resolved in the plaintiff's favor. *Sykes*, 625 F.3d at 308–09.

Here, for purposes of this initial review, the Court assumes that Defendant Ovey-Wiggins initiated the criminal action against Plaintiff. But Plaintiff does not allege a lack of probable cause for the arrest warrant Defendant Arena served on him; to the contrary, he alleges that Defendant Tomlinson testified that Plaintiff was operating one of 22 four-wheelers stolen from a dealership. And Plaintiff himself seems to acknowledge that the four-wheeler he was operating was stolen—even if he contends it was 1 of 4 rather than 22 stolen vehicles. DN 1, p. 20. This means Plaintiff has failed to state a claim for malicious prosecution. *Compare Thomas v. Bedford Cnty., Tenn.*, No. 4:10-CV-7, 2011 WL 833626, at \*7 (E.D. Tenn. Mar. 4, 2011) ("Plaintiff does allege that the reason for his arrest was motivated by other reasons and that the allegations against him were unfounded. If the Court accepts these facts as true, Plaintiff has adequately asserted that Defendants lacked probable cause to prosecute him.").

In any event, this claim has not yet accrued. The criminal case remains ongoing. So Plaintiff cannot yet satisfy the fourth element of a malicious-prosecution claim. Therefore he fails to state a malicious-prosecution claim for this reason as well.

*4. Fifth and Sixth Amendments*

The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts alleged by Plaintiff, Plaintiff does not have a cognizable Fifth Amendment claim against Defendants, which "circumscribes only the actions of the federal government." *Fowler v. Campbell*, No. 3:06-CV-P610, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981)); *see also Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)). Here, the actions of state and local, not federal, officials are at issue.

Plaintiff further alleges a violation of the Sixth Amendment, which provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Again, Plaintiff doesn't explain how this Amendment applies to the allegations in his Complaint. The Court, therefore, dismisses the claims under the Fifth and Sixth Amendments for failure to state a claim upon which relief may be granted.

### 5. *Malfeasance of a public official and neglect of duty*

Plaintiff's complaint refers to "malfeasance of a public official" and "neglect of duty." In Kentucky, malfeasance and willful neglect in the discharge of official duties in office are crimes. *See* Ky. Rev. St. § 61.170(1). A private citizen like Plaintiff cannot bring a criminal action. The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *but cf. Donziger v. United States*, 143 S. Ct. 868, 868–69 (Mem.) (Gorsuch, J., dissenting from the denial of cert.) (questioning appropriateness of court-appointed prosecutors). And Plaintiff may not effectively pursue criminal charges against Defendants through this private civil suit.

To the extent Plaintiff is referring generically to malfeasance, as in wrongdoing, "[m]alfeasance, absent more, does not rise to the level of a constitutional violation." *Overturf v. Brewer*, No. 11–CV-1856, 2013 WL 996652, at *1 n.2 (D. Ariz. Mar. 13, 2013). Nor would negligent behavior on the part of Defendants rise to the level of a constitutional violation—and Plaintiff doesn't allege recklessness or per se (statutory) negligence. Such allegations might be enough for a state-law claim but "do not give rise to a constitutional tort under Section 1983." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).

The Court dismisses Plaintiff's § 1983 claims for malfeasance of a public official and neglect of duty for failure to state a claim upon which relief may be granted.

*6. Fourteenth Amendment*

Plaintiff brings a Fourteenth Amendment due-process claim alleging that Defendants withheld exculpatory evidence, presumably during his pretrial hearing.

Federal courts typically decline to interfere with pending state proceedings involving important state interests absent extraordinary circumstances. *See generally Younger v. Harris*, 401 U.S. 37, 44-45 (1971). This prevents a state defendant from interfering with a pending prosecution by filing a parallel federal civil suit addressing claims that could be raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). "Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court has extended its principles to civil enforcement actions" such as damages suits under § 1983. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998). Federal courts will abstain if state proceedings (1) are ongoing, (2) implicate important state interests and (3) afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Because Plaintiff's state criminal case remains active, all three factors supporting abstention are satisfied. State criminal proceedings obviously "involve important state interests." *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004). Plaintiff does not allege that Kentucky's state criminal process does not afford him an adequate opportunity to raise his claim related to exculpatory evidence. Nor has Plaintiff alleged any unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. And the claim directly challenges the fairness of the state proceeding, implicating the comity concerns that animate our abstention doctrines. Abstention is appropriate here. Depending on the circumstances and the court's discretion, that may mean either a stay or a dismissal of the case. *See Nimer v. Litchfield*

8

*Tp.*, 707 F.3d 699, 702 (6th Cir. 2013). Here, no statute-of-limitation concerns appear to be implicated. *See Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). So the Court, dismisses this claim without prejudice.

### B. Request for dismissal of criminal charges

The Court also dismisses Plaintiff's request to dismiss the pending state-court charges against him. The Supreme Court has cautioned that "a federal court should not provide" injunctive relief in a challenge to a pending state criminal proceeding. *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). In *Younger*, the Court held that abstention is appropriate where a federal plaintiff seeks to enjoin a pending state criminal proceeding. 401 U.S. at 49. So too here. Plaintiff challenges an ongoing criminal case seeking to enforce state criminal law and may challenge the indictment in that proceeding. *See Middlesex*, 457 U.S. at 432. Because this claim seeks equitable relief—which is inappropriate during the course of the criminal proceeding and moot after it—abstention warrants dismissal of this claim without prejudice. *See Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013). And to the extent Plaintiff challenges the fact or duration of confinement, he must bring that claim as a petition for habeas corpus–not as a civil-rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

### C. State constitutional claims

Plaintiff finally claims that Defendants violated Sections 1, 10, 11, and 12 of the Kentucky Constitution.

Kentucky law is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law. *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state Constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations). To the extent state precedent doesn't entirely foreclose a request for injunctive relief, *see, e.g., Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, No. 3:20-CV-737, 2022 WL 3641604, at *10 (W.D. Ky. Aug. 23, 2022), the only injunctive relief requested here – dismissal of his state criminal charges – is not appropriate for the reasons already discussed. Nor may § 1983 be used as a statutory vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claims under the Kentucky Constitution fail as a matter of law, and the Court dismisses these claims, as well.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: April 28, 2023

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Trigg County Attorney
B213.009